UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Hunter,

        Plaintiff,                       Case Number: 25-12058
                                                Honorable Denise Page Hood

v.

Vitecor Health, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT
and MOOTING MOTION FOR SERICE (ECF No. 6)**

Michigan prisoner Anthony Hunter, currently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint names four defendants and concerns Plaintiff's rights under the Eighth Amendment. For the reasons that follow, the Court dismisses the complaint.

**I. Complaint**

Plaintiff's complaint concerns his request to receive the Moderna Covid-19 vaccine. He names four defendants: Vitecor Health, licensed nurse practitioner Wilkerson, registered nurse Kyle Fitch, and health unit manager Perr-Mirze. Plaintiff alleges that Vitecor Health, the contracted medical provider for the Michigan Department of Corrections (MDOC), has been deliberately indifferent to

his medical needs by offering only the Novavax Covid-19 vaccine. (ECF No. 1, PageID.2-3.) Plaintiff previously received the Moderna vaccine and requested the same in December 2024. Defendant Wilkerson informed him that Novavax was the only vaccine available at the prison and that he could either accept it or go without a booster. (*Id.* at PageID.3.) Defendant Fitch gave Plaintiff the same choice in response to a grievance. (*Id.* at PageID.4, 10.) Plaintiff also claims that Perr-Mirze arbitrarily and capriciously allowed the Novavax vaccine to be the sole vaccine offered by the MDOC. (*Id.* at PageID.4.)

Plaintiff contends the Novavax vaccine is inferior because, unlike Moderna, it has not been fully approved by the Federal Drug Administration (FDA). He claims that Vitecor's decision to offer only Novavax was motivated by cost-cutting and violated the Eighth Amendment, and that defendants Wilkerson, Fitch, and Perr-Mirze also violated the Eighth Amendment by going along with that decision.

Plaintiff seeks compensatory and punitive damages.

## II. Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an

arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    A *pro se* civil rights complaint is to be construed liberally but must still comply with minimum pleadings standards. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not require "detailed" factual allegations but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

    To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a

person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III. Discussion

Plaintiff argues that Defendants violated his rights under the Eighth Amendment by providing access to only the Novavax Covid-19 vaccine. "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted).

An Eighth Amendment claim based on the denial of medical care has both a subjective and objective component. *See Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 926 (6th Cir. 2024). The objective component requires a showing of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the defendants "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. Each defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

4

The Sixth Circuit distinguishes between cases where a prisoner alleges the complete denial of medical care and cases where a prisoner received treatment which he alleges was inadequate. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001). Where medical treatment has been provided, a prisoner must show that his treatment was "so woefully inadequate as to amount to no treatment at all." *Id.*

It is clear from his complaint that Plaintiff has been offered treatment, just not the treatment he prefers. Plaintiff's disagreement with the vaccine offered is insufficient to show an Eighth Amendment violation because "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). *See also White v. Corr. Med. Servs., Inc.,* 94 F. App'x 262, 264 (6th Cir. 2004) (affirming dismissal of the complaint failure to state a claim where plaintiff's claims were, in essence, based on a disagreement with provided medical treatment where defendant discontinued plaintiff's previous course of treatment and prescribed what plaintiff considered to be less effective treatment); *DeBoer v. Luy*, 70 Fed. App'x 880, 883 (2003) (medical provider was not deliberately indifferent when he disagreed with prescription written by specialist and instead prescribed a generic drug to treat inmate's ear infection); *Allison v. Martin*, 2009 WL 2885088, at *7 (E.D. Mich. Sept. 2, 2009) (plaintiff failed to state a claim of deliberate indifference in violation of the Eighth

Amendment when plaintiff was treated for his eczema and given medication, though not the "type" and quantity he requested).

Plaintiff's claim amounts to a mere difference of opinion between him and Defendants regarding which Covid-19 vaccine should be offered to prisoners. This disagreement is insufficient to state an Eighth Amendment claim.

## IV. Order

For the reasons stated, Plaintiff fails to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that the Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Motion for Service (ECF No. 6) is MOOT.

The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2025